## Case No. 17,640.

### WILCOX v. COHN.

[5 Blatchf. 346.] [1]

Circuit Court, S. D. New York. July 23. 1866.

PLEADING—DECLARATION IN COVENANT.

1. Rules of pleading, applicable to a declaration for the breach of a covenant. stated.

2. Only so much of the covenant as is essential to the cause of action should be set forth.

3. Distinct breaches of separate covenants may be assigned in the same count.

4. It is sufficient to assign a breach of the covenant according to its legal effect, or in words which contain its sense and substance.

5. The performance of a condition precedent must be averred, but matters of defence need not be anticipated and negatived.

This was an action of covenant [by Jedediah Wilcox against Moritz Cohn]. The defendant put in a special demurrer to the declaration, assigning, for cause of demurrer, that there was no breach properly stated, and specifying several particulars in which the declaration was supposed to be defective in that respect.

John B. Staples. for plaintiff.
Charles Wehle, for defendant.

SHIPMAN, District Judge. The rules of pleading, by which the issue raised by this demurrer is to be determined, are very plain and elementary. In order to avoid prolixity, so much of the covenant as is essential to the cause of action should be set forth and no more. Distinct breaches of separate covenants in the deed may be assigned in the same count. It is sufficient if the breach be assigned in words which contain the sense and substance of the covenant. The breach may be assigned according to the legal effect, or in the words of the deed. When the right of action depends upon a condition precedent, its performance must be averred; but it is never necessary to an-

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ticipate and negative matters of defence, such as payment, waiver. discharge, &c.

The covenant, for a breach of which this action is brought, is set forth in the declaration as follows: "Nothing in this license contained shall be construed to authorize or permit the said licensee to use the said clasping machine for any other purpose than his own business of manufacturing hoop skirts, to hire the said machine to others, or to suffer any other person to use the said machine gratuitously or for a consideration; and nothing in this license contained shall be construed to authorize, permit, or license the said licensee to construct or vend a machine embodying said inventions of the said Maine and said Deforest and said Baird, or either of them, or to have one or more of said machines constructed for him." The next succeeding clause of the deed states the damages agreed upon by the parties for a violation of the foregoing covenant, and it is therein stipulated. that the defendant shall pay $500. as liquidated damages, "for each and every machine which the said licensee shall use, or permit another to use, and the same sum for each and every machine which the said licensee shall construct or vend, or procure to be constructed." The machines here referred to are plainly machines other than the machines furnished to the defendant by the plaintiff. These two clauses of the deed are to be construed together, and the latter is somewhat explanatory of the former. Thus construing these clauses, it follows that the defendant would violate the covenant contained in them, if he should construct or vend a machine. or cause one or more to be constructed for him, or should use. or permit another to use, a machine constructed by him, or which he had caused to be constructed for himself.

The breach alleged is, that the defendant "had and procured three machines, embracing the inventions set forth in said letters patent. to be made and constructed, and did use said three machines, and permit the same to be used." The pleader here states, with certainty to a common intent, which is sufficient in a declaration, and by a fair intendment. that the defendant caused three of these machines to be constructed for himself, and that he used the same. It is explicitly stated, that the defendant used the machines, and this alone would constitute a breach of a covenant in the deed. A breach is assigned in words which contain the sense and substance of the covenant, and according to its legal effect.

It was unnecessary for the pleader to allege that the machines were not procured from the plaintiff by the defendant. or that the defendant had not paid the stipulated damages. These are matters of defence to the action.

The demurrer is, therefore, overruled.